_[¿FOIL, J.
In this workers’ compensation case, the employer and employee both appeal. The employer, State of Louisiana, through the Office of Community Services (OCS), challenges the determination of workers’ compensation judge Anthony Palermo that Dorothy Hardy, the employee, sustained a work-related accident. In her appeal, Ms. Hardy contends the workers’ compensation judge erred in finding that her back injury was not related to the work accident on October 22, 1999. She further claims she should have received supplemental wage benefits during nine days she took leave without pay, before she began receiving disability retirement income. Finally, she asserts that OCS deliberately failed to timely pay expenses and benefits. For the reasons that follow, we affirm.
DISCUSSION
An employee seeking workers’ compensation benefits must establish by a preponderance of the evidence that he has suffered an injury as a result of an accident arising out of and in the course of his employment. A worker’s testimony alone may establish a work-related accident if: (1) no other evidence casts serious doubt on his version of the incident; and (2) his testimony is corroborated by the circumstances following the alleged incident. Corroboration may be provided by coworkers, spouses, friends, or medical evidence. See La. R.S. 23:1031; Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992).
In determining whether a worker has shown by a preponderance of the evidence that an injury-causing accident occurred in the course and scope of employment, the trier of fact is expected to focus on the issue of credibility because, absent contradictory circumstances and evidence, a worker’s testimony is accorded great weight. See Bruno, 593 So.2d at 361. The WCJ’s factual determinations regarding the worker’s credibility and whether the worker has discharged his burden of proof should not be disturbed on review unless manifestly erroneous. Bruno, 593 So.2d at 361.
lain applying the manifest error standard of review, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact-finder’s conclusion was a reasonable one. Where there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). Thus, if the factfinder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 8 (La.7/1/97), 696 So.2d 551, 556.
Conflicting evidence was presented in this case on the issue of whether a work-related accident occurred. The WCJ resolved this conflict in favor of Ms. Hardy. He specifically found, based upon Ms. Hardy’s testimony, the medical records from the West Feliciana Hospital, the testimony of Dr. Richard Rathbone, and the accident report, that Ms. Hardy proved by a preponderance of the evidence that a work-related accident occurred on October 22, 1999. The WCJ found that the accident resulted in injuries to Ms. Hardy’s foot and knee. He further found that Ms. Hardy’s testimony, the medical records and the accident report did not prove that this accident caused a back injury. The WCJ *1185 awarded six weeks of temporary total disability benefits based on Dr. Randall Lea’s report. He provided that the state would receive a credit for disability retirement benefits paid during the period of disability. The WCJ ordered that the state pay for the medical expenses related to the knee and foot injury, but not for treatment of Ms. Hardy’s back complaints. Finally, the WCJ did not find any arbitrary and capricious conduct and denied an award of penalties. He assessed each party with payment of her and its own costs.
Our review of the record convinces us that the WCJ was not clearly wrong in concluding that there was sufficient evidence of a work-related 14accident, resulting in Injuries to Ms. Hardy’s foot and knee, but not her back. We likewise find no manifest error in the WCJ’s findings as to the duration of her disability, her entitlement to only TTD benefits, and his refusal to award penalties.
CONCLUSION
For the foregoing reasons, the workers’ compensation judgment is AFFIRMED. Costs of this appeal are to be borne equally by OCS and Ms. Hardy.
AFFIRMED.